UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS LE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| v. | ) |
| | ) |
| CAPITAL MANAGEMENT SERVICES, a | ) Jury Demanded |
| New York limited partnership, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR VIOLATION OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff THOMAS LE ("LE"), by his counsel, and for his Complaint against CAPITAL MANAGEMENT SERVICES, L.P. ("CMS"), to obtain damages, costs of suit, and other suitable relief from the Defendant, for its violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, states and alleges as follows:

**JURISDICTION AND VENUE**

1. This court has original jurisdiction in this action by virtue of 28 U.S.C. § 1331 because the matter in dispute involves a federal law arising under the FDCPA, 15 U.S.C. § 1692(k).

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the allegations herein relate to Defendant's transactions in this District, and its infliction of tortious injury on Plaintiff in the State of Illinois. Defendant conducts business with consumers in this District and is deemed to reside in this District.

**THE PARTIES**

3. Plaintiff THOMAS LE ("Le") is a resident of the State of Illinois and resides in Chicago, Illinois, Cook County.

4. Le is a "consumer" as section 1692a(3) of the FDCPA defines that term.

5. Defendant CAPITAL MANAGEMENT SERVICES, L.P. ("CMS") was and is a New York limited partnership, organized under the laws of the State of Delaware, and located at 726 Exchange St., #700, Buffalo, NY 14210.

6. The alleged debt that Defendant CMS attempted to collect from Plaintiff was a consumer debt for Plaintiff's personal, household or family purposes as that term is defined under § 1692a(5).

7. At all relevant time, CMS was registered as a debt collection agency in the state of in Illinois, with a License Number 07020983, to engage in debt collection activities.

8. Defendant CMS regularly engages in the business of collection of debts allegedly owed to third parties by consumers through correspondence and phone calls and, therefore, is a "debt collector" as that term is defined under § 1692a(6) of the FDCPA.

## BACKGROUND FACTS

9. Plaintiff incurred the alleged debt to Citibank for personal purchases made on the credit card (the "Citibank debt").

10. Plaintiff was in arrear to the Citibank debt, and his Citibank account became delinquent.

11. On or about October 7, 2008, Plaintiff filed a petition for bankruptcy protection, Case No. 08-26896, in the Northern District Court of Illinois, listing among his other debts a debt owed to Citibank, account number XXX-XXX-7688.

12. On information and belief, Defendant CMS obtained Plaintiff's Citibank credit card account on or about September 28, 2008 after it was in default.

13. On or about November 12, 2008, Defendant sent Plaintiff a collection letter by

mail (the "Collection Letter") demanding payment in the amount of $3,679.84. The alleged debt was due to the creditor Citibank from the use of Citibank credit card. A true and correct copy of the November 12, 2008 collection letter is attached hereto as Exhibit A and incorporated by reference as if fully set forth herein.

14. Before sending Plaintiff the Collection Letter on November 12, 2008, Defendant, through its agents, employees, or servants, repeatedly called Plaintiff by phone in its attempt to collect the Citibank credit card debt.

15. Specifically, beginning September 28, 2008, Defendant placed collection telephone calls, at least three or four times a week, to Plaintiff, including but not limited to the following dates:

    a. On or about October 3, 2008, Defendant, through an employee by the name of "Pam Burrow", called in its attempt to collection a debt for a reference number 4320-5967 and a telephone number, (800) 519-2643.

    b. On or about October 8, 2008, Defendant, through an employee by the name of "Pam Burrow", called in its attempt to collect a debt for a reference number 4320-5967 and a telephone number, (800) 519-2643.

    c. On or about November 18, 2008.

    d. On or about November 22, 2008.

    e. On or about November 25, 2008, Defendant, through an employee by the name of "Mike Stelger", called with a reference number 4320-5967 and a telephone number, (800) 519-2643.

    f. On or about November 29, 2008, Defendant, through an employee by the name of "Mike Stelger", called with a telephone number, (800) 519-2643.

      g.    On or about December 6, 2008, Defendant, through an employee by the name of "Mike Stelger", left a message with a telephone number, (800) 519-2643, and requested that Plaintiff return the telephone call.

16.    On or about May 30, 2008, Plaintiff, through his counsel, informed Citibank that he was represented by counsel.

17.    In these numerous collection calls from Defendant, Plaintiff informed Defendant that he was represented by counsel and provided Defendant his attorney's contact information.

18.    In these numerous collection calls from Defendant, Plaintiff requested that Defendant cease its communication.

19.    Despite Plaintiff's requests to cease collection calls and Defendant's knowledge of Plaintiff's representation by an attorney, Defendant continued calling Plaintiff in its attempt to collect a debt from Plaintiff.

20.    Plaintiff informed Defendant that he had sought bankruptcy protection, provided the case number, and requested that Defendant cease collection on the account.

21.    Despite knowledge that Plaintiff had sought bankruptcy protection, Defendant continued its attempt to collection a debt in violation of the automatic stay of the bankruptcy code and the FDCPA.

## COUNT I
VIOLATION OF SECTION 1692c(a)(2) AND 1692c(c) OF THE FDCPA

22.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21, as if fully set forth herein.

23.    Section 1692c(a)(2) prohibits, without the debtor's consent, communication directly with the consumer debtor if the debt collector knows the consumer is represented by an attorney.

24. Despite actual knowledge of Plaintiff being represented by counsel, Defendant continued to call and send collection letters to Plaintiff in violation of § 1692c(a).

25. Section 1692c(c) prohibits communication with a consumer debtor if the consumer "wishes the debt collector to cease further communication with the consumer."

26. Despite actual knowledge that Plaintiff did not want Defendant to continue communication with him, Defendant repeatedly called Plaintiff in its attempt to collect a debt, in violation of § 1692c(c).

27. Based on the above stated reasons, Defendant violates the FDCPA.

WHEREFORE, Plaintiff THOMAS LE respectfully prays that this Court enter judgment in his favor and against Defendant CAPITAL MANAGEMENT SERVICES, L.P., as follows:

A. For an award of Plaintiff's actual damages;

B. For an award of Plaintiff's statutory damages, in the amount of one thousand dollars ($1,000.00) as permitted under § 1692k(a)(2)(A);

C. For Plaintiff's attorney fees, costs of suit, and expenses pursuant to § 1692k(a)(3); and

D. For such other or further relief as this Court deems just and equitable.

## COUNT II
VIOLATION OF SECTION 1692g OF THE FDCPA

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27, as if fully set forth herein.

29. Section 1692g of the FDCPA requires that a debt collector include a validation notice either with, or within five (5) days of, the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights in connection with a procedure under which a consumer may dispute a debt, require verification of

a debt, or obtain certain information about the original creditor within thirty (30) days of an initial communication from a debt collector.

30. For purposes of the FDCPA, the initial communication from Defendant was October 3, 2008.

31. Defendant failed to provide Plaintiff a validation notice of the debt within five (5) days of the initial phone communication with Plaintiff.

32. Therefore, Defendant violated § 1692g of the FDCPA.

WHEREFORE, Plaintiff THOMAS LE respectfully prays that this Court enter judgment in his favor and against Defendant CAPITAL MANAGEMENT SERVICES, L.P., as follows:

A. For an award of Plaintiff's actual damages;

B. For an award of Plaintiff's statutory damages, in the amount of one thousand dollars ($1,000.00) as permitted under § 1692k(a)(2)(A);

C. For the Plaintiff's attorney fees, costs, and expenses pursuant to § 1692k(a)(3); and

D. For such other or further relief as this Court deems just and equitable.

## COUNT III
FALSE OR MISLEADING REPRESENTATION IN VIOLATION OF § 1692e

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32, as if fully set forth herein.

34. Section 1692e generally prohibits the use "false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. Specifically, section 1692e(5) prohibits "threat to take action that cannot be legally taken … ."

36. Plaintiff's filing of bankruptcy petition on or about October 7, 2008 triggers the automatic stay under section 362 of the Bankruptcy Code, which prohibits any "any act to

collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. 362(a)(6).

37. Defendant never sought relief from the automatic stay of the Bankruptcy Code.

38. Defendant's repeated attempts to collect the debt listed in Plaintiff's bankruptcy petition, by way of telephone calls throughout the months October and November of 2008, violated the Bankruptcy Code and, therefore, violated § 1692e(5) for its attempts to take action that cannot be legally taken.

39. Defendant's Collection Letter, attached hereto as Exhibit A, was an attempt to take action to collect a debt that cannot be legally taken and, therefore, violated § 1692e(5) of the FDCPA.

40. By reason of the foregoing facts and information, Defendant's conduct and practices were false and misleading representation in violation of § 1692e for its attempts to collect a debt not permitted by law.

WHEREFORE, Plaintiff THOMAS LE respectfully prays that this Court enter judgment in his favor and against Defendant CAPITAL MANAGEMENT SERVICES, L.P., as follows:

A. For an award of Plaintiff's actual damages;

B. For an award of Plaintiff's statutory damages, in the amount of one thousand dollars ($1,000.00) as permitted under § 1692k(a)(2)(A);

C. For Plaintiff's attorney fees, costs of suit, and expenses pursuant to § 1692k(a)(3); and

D. For such other or further relief as this Court deems just and equitable.

Dated: <u>September 2</u> , <u>2009</u>
      Chicago, Illinois

                              Respectfully Submitted,
                              THOMAS LE

- 8 -

                                    By: */s/Kenneth M. DucDuong*
                                           One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

| | |
|---|---|
| Kenneth M. DucDuong, Esq. | Robert P. Groszek, Esq. |
| KMD LAW OFFICE | GROSZEK LAW FIRM |
| 1055 W. Catalpa Ave. #216 | 3601 N. Pulaski St. |
| Chicago, IL 60640 | Chicago, IL 60639 |
| Tel.: (773) 561-6587 | Tel.: (773) 267-6100 |
| Fax: (773) 751-5065 | Fax: (773) 267-0831 |
| ARDC # 6286069 (IL) | ARDC # 6278818 (IL) |

- 9 -

## **JURY DEMANDED**

Plaintiff demands trial by jury on all issues so triable.

                Respectfully Submitted,

By: */s/ Kenneth M. DucDuong*
     Kenneth M. DucDuong
     One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

    Kenneth M. DucDuong, Esq.
    KMD LAW OFFICE
    1055 W. Catalpa Ave. #216
    Chicago, IL 60640
    Tel.: (773) 561-6587
    Fax: (773) 751-5065
    ARDC # 6286069 (IL)


    Robert Groszek, Esq.
    GROSZEK LAW FIRM
    3601 N. Pulaski St.
    Chicago, IL 60639
    Tel. (773) 267-6100
    Fax: (773) 267-0831
    ARDC # 6278818 (IL)